The learned counsel for the witness attaches significance to the fact that section 2447 of the Code of Civil Procedure provides that the court may not order the delivery of property to a receiver or to the sheriff where the right of the judgment debtor thereto is substantially disputed, and to the fact that section 2460 of the Code of Civil Procedure provides that a party or a witness on such examination is not excused from answering a question on, among other grounds, the ground "that he or another person claims to be entitled as against the judgment creditor, or a receiver appointed or to be appointed in the special proceeding, to hold property, derived from or through the judgment debtor," and he contends that it was intended by the Legislature that a witness is to be excused from answering a question if he substantially disputes the right of the judgment debtor to the property, but not if he merely makes a claim which is without substantial foundation. I see no ground for this distinction, and I find no warrant for it in the authorities.

I am of opinion that the motion to vacate the subpœna was properly denied, but that the court erred in modifying the subpœna.

It follows, therefore, that the order, in so far as it denies the motion of the witness to vacate the subpœna, should be affirmed, without costs, and, in so far as it modifies the subpœna, it should be reversed, with $10 costs and disbursements to the judgment creditor, and motion denied, with $10 costs. All concur.

---

WENDLING v. INTERNATIONAL RY. CO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. RAILROADS (§ 329*)—OPERATION—ACCIDENTS AT CROSSING—ACTION—SUBMISSION OF QUESTIONS TO JURY.

In an action for injuries at an electric railroad crossing, it was improper to submit to the jury as a ground of negligence the omission of the motorman to give signals of the approaching car, where both the plaintiff and her husband, who was driving the vehicle in which plaintiff was riding, saw the car and knew that it was approaching.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 329.*]

2. TRIAL (§ 252*)—OPERATION OF RAILROADS—ACCIDENT AT CROSSING—ACTION—INSTRUCTIONS.

In an action for injuries at an electric railroad crossing, an instruction leaving it to the jury to say whether the motorman should have seen that the plaintiff and her husband in a vehicle approaching the railroad were in danger, and whether he handled the car recklessly in not slackening speed or otherwise, was erroneous, where there was no evidence at what speed the car was moving, except that it was going fast, and that the usual speed was about 40 miles an hour, nor whether the motorman slackened speed or not, nor where the car was when it became apparent that the horse and wagon were driven upon the track, nor that the car could have been stopped in time and the collision avoided.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Erie County Court.

Action by Mary Wendling against the International Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Edward E. Franchot, for appellant.

Alonzo G. Hinkley, for respondent.

KRUSE, J. The plaintiff was hurt in a collision between the defendant's trolley car and a wagon in which she was riding. The accident occurred on July 2, 1907, between 4 and 5 o'clock in the afternoon, at a highway crossing. The defendant's railroad, between the cities of Buffalo and Tonawanda, is built mostly upon private right of way. It passes directly across the highway where the collision occurred. The highway is a country road, known as "Englewood Avenue." It does not appear how fast the car was running at the time of the accident, but the usual rate of speed between the cities is about 40 miles an hour.

The evidence tends to show that the whistle was not blown, or the bell rung, as the car approached the crossing. The plaintiff was riding with her husband in a covered baker's wagon. Their little child, 1½ years old was sitting between them. The husband was driving. When they were about 300 feet from the crossing, plaintiff saw the car coming and informed her husband of its approach. The husband admits that he saw the car. He continued driving, without either he or his wife looking or paying any further attention to the car until they were upon the track, when the plaintiff spoke to him a second time, saying that the car was coming. She grabbed his arm and said: "Joe, hurry up; here's the car." But he did not succeed in clearing the track ahead of the car, and the collision occurred.

The trial judge submitted to the jury, as one of the grounds of negligence on the part of the defendant, the omission of the motorman to give signals of the approaching car; but both the plaintiff and her husband saw the car and knew that it was approaching. The jury was also charged that the speed of the car alone was not sufficient upon which to predicate negligence; that it was the duty of the motorman to have his car under proper control at whatever speed he was approaching; but that it was not necessarily incumbent upon him to slacken his car, if he could not have fairly presumed that the plaintiff was in danger of being injured. It was left to the jury to say whether the motorman should have seen that these people were in danger, and whether he handled the car recklessly, as to not slackening or otherwise.

The difficulty with that proposition is that there is no evidence to sustain such a finding. It does not appear at what speed the car was moving, beyond the bare fact that it was going fast, and that the usual speed was 40 miles an hour; nor whether the motorman slackened speed or not, and the court so charged. There is nothing to

show where the car was when it became apparent that the horse and wagon would be driven upon the track; nor that the car could have been stopped in time and the collision avoided. Undoubtedly it was the duty of the motorman to be vigilant in approaching the crossing and to use all reasonable means to avoid the collision, even to stop his car, if necessary and he could do so; but the evidence fails to show that the accident was caused through any misconduct or want of care on the part of the motorman in that regard, or that the collision occurred through any other negligence with which the defendant is chargeable. I think, if either the plaintiff or her husband had been reasonably alert and watchful, the accident would not have occurred.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.